**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LEEANN BROOKS,**

        **Plaintiff,**

**vs.**

                                      **Case No. 8:17-CV-02010-EAK-TGW**

**DFS SERVICES LLC,**

        **Defendant.**

_____ /

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Leeann Brooks ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 36 and 37, this court's Local Rules 3.01(g) and 3.04(a), hereby files Plaintiff's Motion to Compel against Defendant, DFS Services, LLC ("Defendant"), and states the following:

**SUMMARY**

Plaintiff respectfully requests this Court to order Defendant to produce discovery responses and documentation since Defendant has failed to produce either by the discovery deadline.

**FACTS AND PROCEDURAL HISTORY**

1.      On August 23, 2017, Plaintiff filed its Complaint against Defendant for violation of the Florida Consumer Collections Practices Act ("FCCPA") and Telephone Consumer Protection Act ("TCPA").

2.      On October 18, 2017, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint.

3.      On December 6, 2017, this Court filed the Case Management & Scheduling Order which set a discovery cut-off date of August 29, 2018.

3.      On December 6, 2017, Plaintiff sent Defendant its discovery requests which included requests for admissions, requests for production, and interrogatories.   Plaintiff's Discovery Request to Defendant DFS Services, LLC, is as **Exhibit A**.

4.      Defendant has yet to send its answers to Plaintiff's interrogatories and Plaintiff's request for admissions.   Defendant has yet to produce its responses to Plaintiff' requests for production nor has Defendant produced any discovery documentation.

5.      On January 23, 2018, Plaintiff gave Defendant a week extension, to January 31, 2018, for Defendant to produce discovery responses and discovery documentation.   Plaintiff's First Email to Defendant is attached as **Exhibit B**.

6.      On February 14, 2018, Defendant and Plaintiff were scheduled to have a telephone conference to discuss discovery proceedings.   Defendant did not attend the telephone conference.

7.      On February 15, 2018, Plaintiff emailed Defendant its Second Request for Discovery Responses and gave Defendant until February 19, 2018 to produce discovery to Plaintiff.   Plaintiff's Second Email to Defendant is attached as **Exhibit C**.

8.      Defendant has yet to produce any discovery responses or production to Plaintiff.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 36 states "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).  The rule also states "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or object address to the matter and signed by the party or its attorney…" Fed. R. Civ. P. 36(a)(3).

Further, Federal Rule of Civil Procedure 37 states "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). The rule also states "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).

This Court's local rules also govern discovery issues, specifically in Rule 3.01(g), which states "[b]efore filing any motion in a civil case...the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion" Local Rule 3.01(g).

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble*, 356 U.S. 677 (1958).

Where a party has failed to file answers to interrogatories, a motion by the propounding party to have the court compel answers is appropriate. *See Fed. Trade Comm'n v. RCA Credit Serv.*, 2010 WL 11537970 (M.D. Fla. 2010). If the party's conduct was at least negligent, and not deliberate, in serving the party's responses to Request for Admissions, the court may afford the

3

party extra time to produce its responses to Request for Admissions. *Barnath v. Seavey*, 2016 WL 7013873, (M.D. Fla 2016). Further, a party must produce all documentation that is not privileged as well as a privilege log regarding any matter deemed confidential when the propounding party requests such documentation. *See United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, 2015 WL 5781098 (M.D. Fla. 2015).

## ARGUMENT

Here, Plaintiff sent Defendant interrogatories, numbered 1-19, request for admissions, numbered 1-16, and requests for production, numbered 1-12, on December 6, 2017. Defendant has not answered Plaintiff's interrogatories or request for admissions. Further, Defendant has not provided the requested documentation to Plaintiff. Thus, on January 23, 2018, in accordance with the Federal Rules of Civil Procedure and this court's local rule as to the good faith conferral requirement, Plaintiff sent Defendant an email asking Defendant to provide Plaintiff with both Defendant's answers and document production by January 31, 2018. Defendant informed Plaintiff that it wished to conduct a telephone conference to discuss the case and discovery on February 14, 2018. Defendant did not attend the telephone conference. So on February 15, 2018, Plaintiff sent a second email to Defendant asking Defendant to send its discovery responses to Plaintiff by February 19, 2018. Defendant again failed to do so. Therefore, pursuant to Federal Rules of Civil Procedure 36 and 37, Plaintiff respectfully requests that this court order Defendant to provide its document product, as well as its answers to Plaintiff's interrogatories and requests for admissions within ten (10) days of this Court's order stating such.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and order Defendant to provide Plaintiff with its document production as well as answers to Plaintiff's interrogatories and request for admissions within ten (10) days of this Court's Order.

Dated: February 26, 2018

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Alexander D. Licznerski, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**ALEXANDER D. LICZNERSKI, ESQ.**
Florida Bar No. 123873
e-mail: alicznerski@centroneshrader.com

## CERTIFICATE OF GOOD FAITH ATTEMPT

I HEREBY CERTIFY that I had attempted to confer with Defendant via email, in good faith, on January 23, 2018 and February 15, 2018, and was unable to resolve the dispute.

## CERTIFICATE OF SERVICE

I HEREBY FURTHER CERTIFY that on February 26, 2018, a true and correct copy of Plaintiff's Motion to Compel was filed with the Clerk of Court for the Middle District of Florida through the CM/ECF system that will give notice to all parties of record.

/s/ Alexander D. Licznerski, Esq.
Attorney for Trustee

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LEAANN BROOKS,**

        **Plaintiff,**

                                      **Case No. 8:17-CV-02010-EAK-TGW**

**vs.**

**DFS SERVICES LLC,**

        **Defendant.**

_____ /

## PLAINTIFF'S DISCOVERY REQUESTS
## TO DEFENDANT DFS SERVICES LLC

    **COMES NOW** Plaintiff, Leeann Brooks, pursuant to the Federal Rules of Civil Procedure, and hereby propounds and serves Plaintiff's Request for Admissions (the "Requests for Admissions"), Interrogatories (the "Interrogatories"), and Requests for Production of Documents ("Request for Production"), upon Defendant, DFS Services, LLC.

## DEFINITIONS

    A. "Person(s)" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or legal or business entity, singular or plural, male or female, or neutral gender, as the context of the question or answer may require.

    B. "Document" or "Documents" includes any materials that are subject to production under Fed. R. Civ. P. 34, as currently or hereafter construed by the appropriate courts, including, but not limited to, papers, books, letters, correspondence, telegrams, studies, surveys, contracts, licenses, audio tapes, videos, agreements, notes, memoranda, manuals, inter-office communications, reports, books of account, computer printouts, statements, transcripts, bills of sale, legal pleadings, vouchers, bank checks, bank records, business records, invoices, drafts, promissory notes, charge

1

slips, statistical records, employee notebooks, desk calendars, appointment books, diaries, pamphlets, instruments, mortgages, brokers listings or agreements, maps charts, surveys, blueprints, sketches, plats, and all communicative or informative materials of any kind as well all attachments or appendices to requested documents, that are in your possession, custody and or control.

    C. "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope. Similarly, references to the singular shall include the plural, and references to the plural shall include the singular.

    D. The words "relating to", "related to", "relating to", "pertaining to", "concerning" and "demonstrating" shall be construed in the broadest sense and shall be defined as, directly or indirectly, concerning, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with showing, describing, analyzing, representing, constituting or including.

    E. The words "you", "your", "yourself", and "Defendant" mean the party/parties to whom these requests are addressed, including, if applicable, their divisions, departments, parents, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and all other persons acting or purporting to act on their behalf as well as each partnership in which either is a partner.

    F. The words "among" and "between", as used herein means any documents made, entered into, prepared or compiled and documents sent, delivered, or mailed to another, or in any manner received from another.

G. Except as indicated herein, the words "<u>Defendant</u>" or "<u>DFS Services</u>" or, as used herein, means DFS Services, LLC. and, if applicable, its divisions, departments, parent, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, agents, attorneys and all other persons acting or purporting to act on its behalf as well as each partnership in which it is a partner.

H. Except as indicated herein, the words "<u>Plaintiff</u>," or "<u>Ms. Brooks</u>" as used herein, means Leeann Brooks, including, but not limited to, her agents, or assigns.

I. Except as indicated herein, the words "<u>the Alleged Debt</u>" refers to all obligations allegedly owed by Plaintiff to Defendant, or Defendant's Principals.

J. "<u>Identify</u>", "<u>identity</u>", and "<u>identification</u>", when used in reference to an individual person means to state that person's full name, present and last known address, her present employment position, whereabouts, business affiliation and business telephone number.

K. "<u>Identify</u>", "<u>identity</u>", and "<u>identification</u>", when used in reference to a person, other than an individual person, means to state whether such person is a corporation, partnership or other organization, and the name, present and last known address, principal place of business and business phone number.

L. "<u>Identify</u>", "<u>identity</u>", and "<u>identification</u>", when used in reference to a document or documents, means to state the date of preparation, the author of (if different, the signor or signors), the addressee, type of document (e.g., interoffice memorandum, ledger, telegram, sketch, diagram, form, agreement, etc.) and any other means identifying with sufficient particularity to meet the requirements for conclusion and request for production pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in the Defendant's possession or subject to the Defendant's control, state what disposition was made of the document and the reason for such

disposition.  If the document has been destroyed, identify the person who destroyed the document and the reasons for destruction.

M. As used herein, the singular and masculine form of nouns and pronouns shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

N. "Oral", when used in reference to an oral transaction or communication, means:

(1) State its nature (e.g. telephone call, conversation in person, etc.);

(2) State the date and place thereof;

(3) State the identity and address if each person participating therein or present during or witness to any part thereof;

(4) Identify all documents in which such oral transaction or communication was recorded, described or referred.

## **INSTRUCTIONS FOR INTERROGATORIES**

A. Each interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including, but not limited to, information from your officers, employees, agents, representatives, or consultants, and information which is known by each of them. An incomplete or evasive answer will be deemed a failure to answer.

B. If all the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the Defendant, identify each person to whom all or part of the information furnished is a matter of personal knowledge, and each person who communicated to the Defendant any part of the information.

C. If the answer to all or any part of the interrogatory is not presently known or available, include a statement to that effect; furnish the information known or available and respond to the entire interrogatory by supplemental answer in writing, under oath, within ten (10) days from the time the entire answer becomes known or available.

D. If any answer is qualified, state specifically the terms of each qualification and the reasons for the qualification. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible, and state specifically the reason(s) why the remainder cannot be answered.

E. Each interrogatory is considered continuing, and if Defendant obtains information which renders its answers, or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

F. A request to identify a document is a request to state, as applicable:

(1) The date of the document;

(2) The type of document;

(3) The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

(4) The name of the employer or principal whom the signers, addressers, and preparers were representing;

(5) The present location of the document;

(6) The name and current business and home addresses of the present custodians of the original document, and any copies of it;

(7) A summary of the contents of the document; and

(8) If the original document was destroyed, discarded, or lost, the date and reason for or circumstances under which it was destroyed, discarded, or lost.

G. If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer to the interrogatory only if the document is marked to refer to the interrogatory to which it responds.

H. Unless otherwise indicated in a specific interrogatory, the time frame for the interrogatory is from four years prior to the filing of the complaint through and including the date of Defendant's responses to the following interrogatories.

### INSTRUCTIONS RELATING TO REQUESTED DOCUMENTS

A. Original documents shall be produced along with any non-identical copy (which is different from the original because of notations on such copy or otherwise).

B. Any documents shall be produced as they are kept in the ordinary course of business or Defendants shall organize and label them to correspond to the categories in this request.

C. If any information requested herein is withheld on the basis of any claim of privilege or work product, or otherwise, Defendants are requested to submit in lieu of any such information a written statement no later than the date that the requested documents are due:

(1) identifying the person or persons who have knowledge of the information and stating how they became aware of the information;

(2) identifying the author, date and recipients of all documents;

(3) identifying the subject matter of the information being withheld;

(4) stating the reason the information was not produced;

(5) identifying the document request to which the information relates. If any information relates in any way to a meeting or any conversation, identify all participants in the meeting or conversation.

D. If a portion of a document is claimed to be privileged, Defendant should produce copies of the non-privileged portions of the document, indicating clearly any masking or deletions that have been made.

E. If any information is withheld because such information is stored electronically, Defendant should identify the subject matter of the information and the place or places where such information is maintained and provide a suitable program or method of retrieving such information.

F. If any document requested herein has been lost, discarded, or destroyed, Defendant should identify each such document lost, discarded or destroyed as completely as possible. Identification of each such document shall include, without limitation, the information required above under "privileged or proprietary documents" as well as: the date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal, and person disposing of the document.

G. Unless otherwise indicated in a specific Request for Production, the time frame for the documents sought are from four years prior to the filing of the complaint, through and including the date of Defendants' responses to the following production of documents.

## INTERROGATORIES

1. Please state the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

2. Please state the form(s) of your organization, the date(s) and place(s) the organization was organized and registered and/or licensed to do business, any other names which your organization uses to identify itself, whether such other names are registered with any official, and the date and place of such registration.

3. Please identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact or attempted contact with Plaintiff made in connection with the collection of the Alleged Debt, and state whether an audio recording exists of the item.

4. Please identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact or attempted contact with a person other than Plaintiff made in connection with the collection of the Alleged Debt, and state whether an audio recording exists of the item.

5. Please identify and describe each document generated or created by Defendant which is related to the Alleged Debt and collection of the Alleged Debt.

6. Please identify and describe each document received by Defendant which is related to the Alleged Debt and collection of the Alleged Debt.

7. Describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Florida Consumer Collection Practices Act, the Telephone Consumer Protection Act, and/or any other state or federal law purporting to regulate consumer debt collection activities.

8. Describe the maintenance of all procedures utilized by Defendant to avoid continuing to contact Plaintiff after Plaintiff told Defendant to stop calling.

9. Please identify all present and past contracts or agreements between Defendant and Plaintiff, pursuant to which Defendant sought to collect the Alleged Debt.

10. With respect to the training of persons involved in the collection of the Alleged Debt, please describe the training content, timing, duration, all documents and audio or visual materials used in such training, and identify each person involved in such training.

11. Please describe fully any system(s) Defendant maintains or operates to record, track, log, and/or select contacts (e.g. letter, telephone call) of its employees with Plaintiff in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

12. Please identify any documents used to describe, record, track, log, or establish Defendant's methods and techniques to be used in the collection of the Alleged Debt.

13. If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denials.

14. Please state in detail the facts upon which you rely for each affirmative defense listed in your Answer.

15. Please identify and describe the policies and procedures reasonably adopted and utilized by Defendant to avoid the errors alleged in the Complaint and that support Defendant's Third Affirmative Defense of bona fide error.

16. Please identify the date, length, contents, and caller for any telephone call placed by Defendant to a number believed to belong or be associated with Plaintiff, whether or not the caller spoke with Plaintiff.

17. Please state the names, aliases, job title, professional licenses/certifications and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees who contacted or attempted to contact Plaintiff.

18. Please identify all internal codes, abbreviations, and shorthand used in memorialization of oral communication or written communication with Plaintiff that may appear in your records.

19.  Please state whether any debts alleged to be owed by Plaintiff to Defendant have been assigned for collection and/or sold to any third parties.  If so, please identify the name of the third party and the date on which the alleged debt was assigned and/or sold.

## CERTIFICATION

I, _____, swear and affirm that the above interrogatory responses are truthful.  I also understand that including false responses to such interrogatories may be considered perjury, which may bring civil and/or criminal penalties.

Signature:_____

Name: _____

STATE OF _____

COUNTY OF_____

BEFORE ME personally appeared _____, to me well known and known to me to be the person described in and who executed the foregoing instrument, and who is (are) personally known to me or has produced _____ as identification and who did take an oath, and swears that he/she has read the responses to the *Plaintiff's First Set of Interrogatories*, and that the same is true and correct.

WITNESS my hand and official seal, this ____ day of _____, 2017.

Notary Public, State of _____

Printed Name: _____

My commission expires: _____

Dated: This ____ day of _____, 2017.

18

## REQUEST TO PRODUCE

Please produce the following:

1. All documents relating to the Alleged Debt.

2. All documents relating to Defendant's procedures with respect to (1) attempted collection of debts; (2) contact with persons to attempt to collect debts; and (3) receipt and processing of incoming mail at each address mail is received by Defendant.

3. All documents, including, but not limited to, records of communications, among and/or between Defendant and any debt collector related to the collection of the Alleged Debt.

4. All documents, including, but not limited to, communications or agreements, between Defendant and anyone else, related to the collection of the Alleged Debt.

5. All documents relating to the creation and/or maintenance of procedures adopted by the Defendant to avoid any violation of the Florida Consumer Collection Practices Act, the Telephone Consumer Protection Act, and/or any other state or federal law purporting to regulate consumer debt collection practices.

6. All documents relating to memoranda, reports, operation manuals, instructions, guides, etc., used by Defendant as part of its debt collection efforts.

7. All documents, including, but not limited to, books, instructions, guides, video tapes, audio tapes, and memoranda, relating to training by or for Defendant employees regarding the Florida Consumer Collection Practices Act, the Telephone Consumer Protection Act, and/or any other state or federal law purporting to regulate consumer debt collection practices.

8. Any insurance policies covering Defendant for violation of the Florida Consumer Collection Practices Act, the Telephone Consumer Protection Act, and/or any other state or federal law purporting to regulate consumer debt collection practices.

9. All exhibits which Defendant proposes to, or has reason to believe it may, introduce at trial.

10. All documents, including, but not limited to, correspondence, notices, statements, etc., relating to the collection of the Alleged Debt.

11. All documents relating to scripts or pre-written language used by Defendant as part of its debt collection efforts.

12. All documents, including, but not limited to, audio tapes and/or transcripts, relating to telephone conversations between Plaintiff and Defendant.

13. All documents, including, but not limited to, audio tapes and/or transcripts, relating to attempted calls to telephone numbers believed to belong to or are associated with Plaintiff.

14. All documents, including, but not limited to, lists, logs, reports, charts, spreadsheets, etc., purporting to reflect the content, local time, date, and length of any and all telephone calls or attempted telephone calls made by Defendant to Plaintiff, together with the meanings of all codes used in any contact logs or listings regarding collection of the Alleged Debt.

15. All documents demonstrating how Defendant tracks, logs, and records, the details, including, but not limited to, local time, date, and length of telephone calls made to consumer Plaintiff.

16. All documents, including, but not limited to, account notes and memorialization of oral and/or written communication with Plaintiff.

## REQUESTS FOR ADMISSIONS

Please admit the truth of the following:

1. Defendant's telephone calls or attempted telephone calls to Plaintiff attempting to collect the Alleged Debt conveyed information regarding a debt.

2. Plaintiff is a natural person obligated or allegedly obligated to pay a debt (the "Alleged Debt").

3. Defendant is a person who offers or extends credit creating a debt or to whom a debt is owed.

4. The Alleged Debt arose from a transaction in which the property subject to the Alleged Debt was used primarily for personal, family, or household purposes.

5. DFS Services called Ms. Brooks in an attempt to collect the Alleged Debt.

6. Defendant used an automatic telephone dialing system to place calls to Ms. Brooks' cell phone.

7. Ms. Brooks told Defendant that she was unemployed and unable to pay the Alleged Debt.

8. Defendant continued to call Ms. Brooks' cell phone after Ms. Brooks told Defendant that she could not pay the Alleged Debt.

9. Ms. Brooks told Defendant to stop calling her cell phone.

10. Defendant made collection calls to Ms. Brooks' cell phone after Ms. Brooks told Defendant to stop calling her.

11. Defendant made collection calls to Ms. Brooks' cell phone using an automatic telephone dialing system after Ms. Brooks told Defendant to stop calling her.

12. Defendant threatened to garnish Ms. Brooks' wages.

21

Dated: December 6, 2017

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/ Alexander D. Licznerski
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**ALEXANDER D. LICZNERSKI, ESQ.**
Florida Bar No. 123873
e-mail: alicznerski@centroneshrader.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Plaintiff's Discovery Requests for Admission, Production, and Interrogatories* has been served by electronic mail on December 6, 2017 to Defendant c/o Justin L. Dees, Esq., 200 Central Avenue, Suite 1600, St. Petersburg, FL 33701, jdees@trenam.com.

/s/ Alexander D. Licznerski
Attorney

22

# EXHIBIT B

 Centrone & Shrader,
PLLC Mail                                    **Alexander Licznerski <alicznerski@centroneshrader.com>**

## Brooks v. DFS Services: First Discovery Request
1 message

**Alexander Licznerski** <alicznerski@centroneshrader.com>                    Tue, Jan 23, 2018 at 10:15 AM
To: "Justin L. Dees" <JDees@trenam.com>
Cc: Gus Centrone <gcentrone@centroneshrader.com>, Brian Shrader <bshrader@centroneshrader.com>, Kellie O'Connell
<koconnell@centroneshrader.com>

Hi Justin,

Here is another case in which we are awaiting discovery responses.  We sent them to you on
December 6, 2017.  Please send formal responses and production to me by January 31, 2018.

Thank you,

Alex

--

Alexander D. Licznerski, Esq.
Associate Attorney
612 W. Bay Street
Tampa, FL  33606
Phone:  (813) 360-1529
Fax: (813) 336-0832
www.centroneshrader.com

# EXHIBIT C

Centrone & Shrader,
PLLC Mail

**Alexander Licznerski <alicznerski@centroneshrader.com>**

___

## Second Request for Discovery

**Alexander Licznerski** <alicznerski@centroneshrader.com>                    Thu, Feb 15, 2018 at 11:20 AM
To: "Justin L. Dees" <JDees@trenam.com>
Cc: Gus Centrone <gcentrone@centroneshrader.com>, Brian Shrader <bshrader@centroneshrader.com>, Kellie O'Connell
<koconnell@centroneshrader.com>

Justin, I tried calling your office this morning to get updated as to your discovery responses and possible settlement
discussions.  We were supposed to have a telephone conference yesterday, February 14, 2018, at 3:00pm.  I called your
office at that time, but was directed to your voicemail.  I also sent you an email shortly thereafter but have yet to receive a
response.  My office sent discovery to your office in Brooks v. DFS on 12/6/17 and Meininger/Mitchell v. DFS on November
15, 2017.  We have yet to receive your responses.  Please send me your responses by Monday, February 19, 2018.  I want
to get these cases moving along and do not want to file a motion to compel discovery responses.

Regards,

--

Alexander D. Licznerski, Esq.
Associate Attorney
612 W. Bay Street
Tampa, FL  33606
Phone:  (813) 360-1529
Fax: (813) 336-0832
www.centroneshrader.com